Receipt No. 066591

ORIGINAL

FILED
JAN 30 2007
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KANAWHA EAGLE COAL, LLC,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court No.:<br>BEFORE:<br>07- 74 T<br>**COMPLAINT** |

Plaintiff, Kanawha Eagle Coal, LLC, by its attorneys, Merrell & Merrell, P.C., brings this action against defendant, the United States, and for its complaint herein alleges as follows:

**NATURE OF THE ACTION**

1. This is an action seeking recovery of manufacturer's excise taxes imposed and paid in respect of export sales of coal pursuant to 26 U.S.C. § 4121 (hereinafter the "Coal Sales Tax") and seeking a declaratory judgment that the Coal Sales Tax statute is unconstitutional as applied to exports and void ab initio.

**PARTIES**

2. Plaintiff is a producer of coal and brings this action to recover Coal Sales Tax assessments paid by plaintiff on export sales made by plaintiff. Plaintiff has standing in this action because it has paid the Coal Sales Tax in respect to its export sales which were illegally assessed and collected in

U.S. COURT OF FEDERAL CLAIMS
THE OFFICE OF THE CLERK
JAN 30 2007
MAIL ROOM
RECEIVED

contravention of the Constitution of the United States of America.

## JURISDICTION

3. This Court possesses jurisdiction over this action by reason of 28 U.S.C. §§ 1491(a)(1), 2401, 2501, the Export Clause of the United States Constitution, the Fifth Amendment of the United States Constitution, and the implied contract formed between plaintiff and the government for the return of taxes that are void ab initio.

## FACTUAL ALLEGATIONS

4. Article I, Section 9, Clause 5 (the "Export Clause") of the United States Constitution provides that "No Tax or Duty shall be laid on Articles exported from any State."

5. In 1978, Congress enacted Pub. L. No. 95-277 §2(a), 92 Stat. 11 (1978), to impose an excise tax on the sale of coal. The Act, codified in the Internal Revenue Code (the "Code") at 26 U.S.C. § 4121, as amended, reads in pertinent part as follows:

**§ 4121. Imposition of Tax**

> **(a) Tax Imposed.**
>
> **(1) In general.** There is hereby *imposed on coal* from mines located in the United States *sold by the producer*, a tax equal to the rate per ton determined under subsection (b).
>
> **(2) Limitation on tax.** The amount of the tax imposed by paragraph (1) with respect to a ton of coal shall not exceed the applicable percentage (determined under subsection (b)) of the price at which such ton of coal *is sold* by the producer.

**(b) Determination of rates and limitation of tax.**

For purposes of subsection (a)--

**(1)** the rate of the tax on coal from underground mines shall be $1.10,

**(2)** the rate of tax on coal from surface mines shall be $.55, and

**(3)** the applicable percentage shall be 4.4 percent.

26 U.S.C. § 4121 (emphasis added).

6. Although the Code has many excise taxes imposed on sales, it generally exempts from such taxes articles sold for export. Code Section 4221(a), however, provides that export sales of coal subject to the Coal Sales Tax shall not be subject to that exemption.

7. The Coal Sales Tax paid with respect to export sales is assessed each calendar quarter with respect to sales made during that quarter, and is calculated with reference both to the amount of coal to be exported and the export sales price of such product. As such, the Coal Sales Tax is directly related to the export of merchandise, and imposes a direct tax burden on such exports.

8. Accordingly, to the extent applicable to export sales, the Coal Sales Tax violates the Export Clause and is unconstitutional.

9. For all the periods at issue in this Complaint, plaintiff has paid the Coal Sales Tax on its exports of coal in amounts indicated in Schedule A attached.

## FIRST CAUSE OF ACTION

10. Paragraphs 1 through 9 are repeated with the same force and effect as if stated fully herein.

11. The Export Clause of the Constitution (Article 1, Section 9, Clause 5) states: "No Tax or Duty shall be laid on Articles exported from any State."

12. The Coal Sales Tax imposed under 26 U.S.C. § 4121, with respect to export sales, is a tax or duty prohibited by the Export Clause and is, therefore, unconstitutional and void ab initio.

13. Plaintiff has paid such taxes on exports which were unconstitutionally imposed and assessed on export sales.

## SECOND CAUSE OF ACTION

14. Paragraphs 1 through 13 are repeated with the same force and effect as if stated fully herein.

15. The Coal Sales Tax imposed under 26 U.S.C. § 4121, with respect to export sales, is a tax or duty prohibited by the Export Clause and is, therefore, unconstitutional and void ab initio.

16. The defendant's exaction of the Coal Sales Tax on export sales violates the Fifth Amendment of the United States Constitution which provides that "No person shall . . . be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation."

17. Plaintiff has paid such taxes on exports which were unconstitutionally imposed and assessed on export sales.

## THIRD CAUSE OF ACTION

18. Paragraphs 1 through 17 are repeated with the same force and effect as if stated fully herein.

19. The Coal Sales Tax imposed under 26 U.S.C. § 4121, with respect to export sales, is a tax or duty prohibited by the Export Clause and is, therefore, unconstitutional and void ab initio.

20. Plaintiff has paid such taxes on exports which were unconstitutionally imposed, and assessed on export sales. Monies so exacted must be refunded based upon an implied contract with the government for their return.

## REQUEST FOR JUDGMENT AND RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment and order against the United States, granting plaintiff the following:

a. On the First Cause of Action: a declaration that the tax laid against plaintiff's export sales of coal is an unconstitutional exaction of a tax on exports in violation of the Export Clause of the United States Constitution, and an award of damages consisting of a refund of those Coal Sales Tax payments which were made by plaintiff in connection with exports of coal, together with appropriate interest, costs, and attorney's fees;

b. On the Second Cause of Action: a declaration that the defendant's exaction of the unconstitutional Coal Sales Tax on export sales violates the Fifth Amendment of the United States Constitution, and an award of damages consisting of a refund of those Coal Sales Tax payments which were made by plaintiff in connection with exports of coal, together with appropriate interest, costs, and attorney's fees;

c. On the Third Cause of Action: a declaration that the defendant's exaction of the unconstitutional Coal Sales Tax on export sales creates an implied contract with the government for the return of illegally collected monies, and an award of damages consisting of a refund of those Coal Sales Tax payments which were made by plaintiff in connection with exports of coal, together with appropriate interest, costs, and attorney's fees;

together with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

John Y. Merrell, Jr.
Attorney of Record
MERRELL & MERRELL, P.C.
1477 Chain Bridge Road
Suite 101
McLean, VA 22101
Tel: (703) 790-8440
Fax: (703) 790-8944
Date: January 30, 2007

Of Counsel: John Y. Merrell

Schedule A to
Complaint of Kanawha Eagle Coal, LLC
(EIN: 54-1969926)

| Tax Period | Excise Tax Paid/Refund Due Exported Coal | | |
|---|---|---|---|
| | @4.4% | @ $1.10 | Total |
| 2001 Q1 | | $27,752.92 | $27,752.92 |
| 2001 Q2 | | 31,762.54 | 31,762.54 |
| 2001 Q3 | | 27,419.95 | 27,419.95 |
| 2001 Q4 | | 23,182.65 | 23,182.65 |

TOTAL TAX REFUND DUE KANAWHA EAGLE COAL, LLC $110,118.06