IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-74 T
(Judge Lettow)

KANAWHA EAGLE COAL, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# ANSWER

The defendant, the United States, denies each of the allegations in the complaint except those that are expressly admitted below. In further answer to the complaint, the defendant:

1. Avers that paragraph 1 of the complaint characterizes this action; avers that the characterization is a proposition of law, which requires no response; and avers that this Court lacks jurisdiction to issue the declaratory judgment the plaintiff demands.

2. Avers that the assertions of standing and of illegal assessment and collection are propositions of law, which require no response; and states that it lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 2 of the complaint.

3. Admits that this Court would have jurisdiction over this action under 28 U.S.C. § 1491(a)(1) to the extent that jurisdiction exists; but avers that the plaintiff has failed to plead facts needed to demonstrate jurisdiction.

4.-8. Avers that paragraphs 4 through 8 of the complaint state propositions of law or legal arguments, which require no response.

9. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10. Repeats the responses set forth in paragraphs 1 through 9 of this answer.

11.-12. Avers that paragraphs 11 and 12 of the complaint state propositions of law, which require no response.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff paid taxes on exports; and avers that paragraph 13 of the complaint otherwise states propositions of law, which require no response.

14. Repeats the responses set forth in paragraphs 1 through 13 of this answer.

15.-16. Avers that paragraphs 15 and 16 of the complaint state propositions of law, which require no response.

17. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff paid taxes on exports; and avers that paragraph 17 of the complaint otherwise states propositions of law, which require no response.

18. Repeats the responses set forth in paragraphs 1 through 17 of this answer.

19. Avers that paragraph 19 of the complaint states propositions of law, which require no response.

20. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff paid taxes on exports; and avers that paragraph 20 of the complaint otherwise states propositions of law, which require no response.

NEW MATTER

21. Avers that the plaintiff fails to allege that it filed claims for refund of the coal excise tax it seeks to recover in this action.

22. Avers that under 26 U.S.C. § 7422(a), no action or proceeding may be brought in any court for the recovery of any internal revenue tax until the taxpayer has filed a claim for refund.

23. Avers that this Court cannot assume jurisdiction until the plaintiff shows that it filed timely refund claims and brought this action within the applicable statute of limitations.[1]

24. States that the plaintiff in this action is a coal producer who claims to have paid an excise tax on exported coal.

25. Believes and therefore asserts that the plaintiff recouped the excise tax from the price paid by the purchasers of the taxed coal.

26. Avers that the plaintiff may not recover from the defendant any portion of the excise tax that it recouped from third parties.

27. Avers that the real parties in interest in this litigation are the persons who bore the economic burden of the tax.

---

[1] In *Cyprus Amax Coal Co. et al. v. United States*, 205 F.3d 1369 (Fed. Cir. 2000), a panel of the Federal Circuit held that taxpayers may file claims in this Court to recover coal excise tax on exported coal paid within the six-year period before the complaint was filed even if they had submitted no claims for refund to the IRS. The Federal Circuit reaffirmed that holding in *Clintwood Elkhorn Mining Co. v. United States*, 473 F.3d 1373 (Fed. Cir. 2007); it denied the defendant's motion for rehearing *en banc* on April 4, 2007; and it issued its mandate on May 4, 2007. The defendant has 90 days from May 4 to petition the Supreme Court for a writ of certiorari. *See* 28 U.S.C. § 2101(c).

28. Avers that the plaintiff is not the real party in interest to the extent that it recouped the tax from other parties.[2]

WHEREFORE the defendant asks this Court to dismiss the plaintiff's complaint with prejudice and to award costs to the defendant.

Respectfully submitted,

s/Robert Stoddart
ROBERT STODDART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440
Robert.C.Stoddart@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/ David Gustafson

May 31, 2007

[2] In *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298 (Fed. Cir. 2004), the Federal Circuit held that this court lacks Tucker-Act jurisdiction over claims brought by third-party payors under the new *Cyprus Amax* cause of action to recover excise taxes paid outside the three-year statute of limitations on tax-refund suits; but the Court did not consider whether taxpayers could be the real parties in interest if the payments actually came from third parties.