IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-74 T
(Judge Lettow)

KANAWHA EAGLE COAL, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of RCFC Appendix A, the parties submit the following information:

a. Jurisdiction. The parties believe that the Court has jurisdiction of this case under the law as it now stands, but the defendant notes that the appellate courts are still considering whether this Court has jurisdiction of such disputes. See paragraph h, *infra*.

b. Consolidation. The parties know of no cases with which the present case should be consolidated.

c. Bifurcation of trial. The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards to permit the parties a reasonable period to perform and agree upon any necessary recomputation of tax liability and interest due, so that the parties can submit

a stipulation as to the amount of judgment. This will avoid devoting unnecessary attention to computations at trial.

d. Deferral of proceedings. The parties know of no reason why this case should be deferred.

e. Remand or suspension. This Court cannot remand a tax case to the IRS; tax refund cases are proceedings de novo. See, e.g., Cleveland Trust v. United States, 421 F.2d 475 (6th Cir.), cert. denied, 400 U.S. 819 (1970).

f. Additional parties. The parties now know of no additional parties to be joined.

g. Dispositive motions. Before discovery is complete, the parties cannot state for certain whether either or both parties will be able to file a dispositive motion.

h. Issues. The parties have so far identified the following issue:

> Will the plaintiff be able to demonstrate that: (a) it sold coal directly into the export stream; and (b) it can substantiate payment of a sum certain paid as tax on exported coal?

The defendant has identified the following additional issues; they are, however, outside the cognizance of this Court:

> (a) Will the plaintiffs be entitled to recover interest on their damages despite 28 U.S.C. § 2516(a); (b), if so, what rate of interest will apply; and (c) when will interest begin to run?
>
> (b) Do the courts have jurisdiction to hear claims for refund of excise tax paid on exported coal when the taxpayer has failed to file a timely refund claim despite Code § 7422(a), which provides that "[n]o suit of proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary . . . ."

In *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369 (Fed. Cir. 2000), the Court of Appeals for the Federal Circuit held that this Court can take jurisdiction of such claims as demands for

damages under the Tucker Act and the Export Clause of the U.S. Constitution, not as suits for a refund of an internal revenue tax. In *Clintwood Elkhorn Mining Co. et al. v. United States*, 473 F.3d 1373 (Fed. Cir. 2007), the Federal Circuit reaffirmed the holding of *Cyprus Amax* and also held that the Government must pay interest on such recoveries under 28 U.S.C. § 2411, which allows interest on judgments "for any overpayment in respect of any internal revenue tax . . .".

The Federal Circuit issued its mandate on May 4, 2007. The United States is considering whether to petition the Supreme Court for a writ of *certiorari*. Absent an extension, the United States must file its petition by August 2, 2007. *See* 28 U.S.C. § 2101(c). The appellate courts will not have finished consideration of the issues that could affect this case until one of the following events has occurred: (1) the United States has decided not to petition for *certiorari*; (2) the Supreme Court has denied the petition; or (3) the Supreme Court has granted the petition and has decided the case.

i. Settlement. The parties cannot yet tell whether the case can be settled.

j. Trial. The parties cannot yet state whether a trial will be necessary. They suggest an initial discovery period of 6 months, after which they will propose further proceedings if necessary.

k. Electronic case management needs. The parties have identified no special issues regarding electronic case management needs.

l. Other information. A bill now before the Senate Finance Committee, S. 373, 110th Cong. (2007), would require the Secretary of the Treasury: (1) to decide a taxpayer's entitlement to repayment of excise taxes paid on exported coal within 180 days of a claim; and (2) to pay the amount, plus interest, within 180 days of the decision. An identical bill is before the House Ways and Means Committee, H.R. 1762, 110th Cong. (2007). The parties believe that these bills should not affect their pursuit of this litigation, and they note that identical legislation failed to progress beyond committee in the previous congress. *See* S. 2884, 109th Cong. (2006).

Respectfully submitted,

July 13, 2007
Date

JOHN Y. MERRELL, JR.
Merrell & Merrell, P.C.
1477 Chain Bridge Road
Suite 101
McLean, VA 22101
TEL: (703) 790-8440
FAX: (703) 790-8944

Attorney for the Plaintiff

7/19/2007
Date

ROBERT STODDART
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section

7/19/2007
Date

Of Counsel

Attorneys for the Defendant